UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENT ALLEN, JR., | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) )  Civil Action No. 1:22-cv-01345 (UNA) |
| SUNDAR PICHAI *et al.*, | ) ) ) |
| *Defendants*. | ) |

## **MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, Dkt. 1, and Application for Leave to Proceed *in forma pauperis* (IFP), Dkt. 2. The Court will grant the IFP Application and dismiss the case because the Complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff Kent Allen, Jr., a resident of Miami, Florida, Compl. at 1, sues the CEO of Google, who is located in Mountain View, California, *see id*. at 2; Notice, Dkt. 5, at 1, and his own father, Kent Allen, Sr., who is located in Milton, Delaware, *see* Compl. at 2–4; Not. at 1. Preliminarily, the Complaint and IFP Application both fail to comply with Federal Rule 10(a) and D.C. Local Rule 5.1(g), because neither are captioned for this Court, or for that matter, any other. *See* Compl. at 1; IFP Application at 1.

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair

notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (internal quotation marks omitted).

Plaintiff alleges that his father "defrauded [plaintiff's] certain business names and ideas," including various "business domains" and that he "checks [plaintiff's] bank account."  Compl. at 4.  Despite having previously provided his father these "business domains willingly," Plaintiff alleges that his father has somehow engaged in fraud arising therefrom.  *See id*.  He then alleges that his father slandered him by use of "threatening images," and has "harm[ed] his reputation to the general public about [plaintiff's] sexual lifestyle . . . [and] work performance."  *Id*.  Despite having filed a civil complaint, he cites only to the Federal Criminal Code.  *See id*. at  7.  He demands $1,250,000 in damages.  *Id.*

Put simply, the Complaint consists of a random collection of statements without clarity or particularity.  Plaintiff provides no factual context or information to connect the two named Defendants or to make out any discernible claim, nor does he establish any basis for subject matter jurisdiction or venue.  An Order consistent with this Memorandum Opinion is issued separately.

June 21, 2022

*Dabney L. Friedrich*

DABNEY L. FRIEDRICH
United States District Judge